## DALY *v*. BEER *et al.*

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

ALIENS—RIGHT TO TAKE LAND.

P. died intestate, seised of certain real estate devised to him by his father, leaving surviving him two maternal aunts and the children of deceased maternal aunts, who were all aliens. *Held*, that they took an absolute title to the land under Laws N. Y. 1845, c. 115, as amended by Laws 1874, c. 261, and Laws 1875, c. 38, declaring that "if any alien resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate within this state, has died, or shall hereafter die, leaving persons who, according to the statutes of this state, would answer the description of heirs of such deceased person, or of devisees, under his last will, and being

of his blood, such persons so answering the descriptions of heirs or of such devisees of such deceased person, whether they are citizens or aliens, are hereby declared and made capable of taking and holding, and may take and hold, as heirs or such devisees of such deceased person, as if they were citizens of the United States, the lands and real estate owned and held by such deceased alien or citizen at the time of his decease."

Appeal from special term, Suffolk county.

Action for partition of land, brought by William Thomas Daly against Margaret Beer, Catharine Powles, Elizabeth Sarah Russell, and the people of the state of New York. Defendant Margaret Beer appeals from an interlocutory decree entered therein for report of former litigation. See *Halsey* v. *Beer*, 5 N. Y. Supp. 334. Laws N. Y. 1845, c. 115, as amended by Laws 1874, c. 261, and Laws 1875, c. 38, declares that "if any alien resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate within this state, has died, or shall hereafter die, leaving persons who, according to the statutes of this state, would answer the description of heirs of such deceased person, or of devisees, under his last will, and being of his blood, such persons so answering the descriptions of heirs or of such devisees of such deceased person, whether they are citizens or aliens, are hereby declared and made capable of taking and holding and may take and hold as heirs or such devisees of such deceased person, as if they were citizens of the United States, the lands and real estate owned and held by such deceased alien or citizen at the time of his decease. But if any of the persons so answering the description of heirs, or of such devisees, as aforesaid, of such deceased person, are males of full age, they shall not hold the real estate hereby made descendible or devisable to them as against the state, unless they are citizens of the United States, or, in case they are aliens, unless they make and file in the office of the secretary of state the deposition or affirmation mentioned in the first section of this act."

Argued before DYKMAN and PRATT, JJ.

*R. E. Tapping,* for appellant.   *Rabe & Kellar,* for respondent Daly.   *Edward Brown* and *M. E. Tapping,* for respondents Powles and Russell:

DYKMAN, J.   This is an appeal from an interlocutory judgment in an action for the partition of real property.   The facts of the case are undisputed, and are substantially as follows:   David E. Pierson, who died seised and possessed of the property in question, was the common source of title.   He was 21 years of age at the time of his death in February, 1888, and he received this property by devise from his father, David Pierson, who died in October, 1871.   David E. Pierson died intestate, and left no father or mother, brother or sister, or descendant of any brother or sister, no paternal uncle or aunt, or descendant of any such uncle or aunt.   He left two maternal aunts, Margaret Beer and Catharine Powles, two of the defendants in this action, and also two cousins, William Thomas Daly, the plaintiff, and Elizabeth Sarah Russell, one of the defendants, both the children of a deceased maternal aunt.   All of these persons are of English parentage, and none of them had been in the United States previous to the death of David E. Pierson.   The plaintiff became a resident of the state of New York in February, 1889, and and at that time declared his intentions to become a citizen of the United States, and filed in the office of the secretary of state of New York the deposition required by the statute that he was a resident of the state of New York, and intended to reside permanently in the United States, and become a citizen thereof as soon as he could be naturalized, and that he had taken such incipient measures as the law requires to enable him to obtain naturalization. Catharine Powles and Elizabeth Sarah Russell are both aliens.   Margaret Beer is a citizen, although the court found she was not.   *Halsey* v. *Beer,* 5 N. Y. Supp. 334.   She became such by virtue of her marriage with

John Beer in July, 1876; and her claim in this action is that she is the sole heir of David E. Pierson and entitled to the whole of this property, and that the other parties have no interest therein. She has been in possession of the premises since the death of David E. Pierson. The cause was tried before a judge without a jury, and he decided that the parties were seised in fee of the premises as tenants in common, and the defendant Margaret Beer has appealed from the judgment entered upon such decision.

We had occasion to examine the question involved in this appeal in the case of *Maynard* v. *Maynard*, 36 Hun, 227, and our conclusion was that under section 4, c. 115, Laws 1845, as amended by chapter 261, Laws 1874, and chapter 38, Laws 1875, alien heirs at law might take an absolute title to land. The same question was involved in the case of *Wainwright* v. *Low, ante*, 888, (decided at the present term of this court,) where we held that the amendatory statute of 1875 was retroactive in its operation, and preserves the rights of persons who before its passage acquired rights to land which they could not enjoy by reason of the disability of alienage. Our views were fully expressed in those cases, and require no repetition here. But the defendant Beer also contends that David E. Pierson took the property by descent, and not by purchase, and that the plaintiff and the other defendants were therefore excluded from the succession to his estate. The language is: "If any alien resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate within this state;" and the construction for which the appellant contends is inadmissible. In judgment of law, a purchase is the acquisition of land by act of the parties in contradistinction to acquisition by operation of law, and includes title by deed and title by devise. The question was involved in the decision of the case of *McCaulay* v. *Palmer*, 40 Hun, 38, and it was then said that "acquisition by purchase includes every mode of taking title except descent or inheritance." In the case of *Hall* v. *Hall*, 81 N. Y. 136, it was said, in relation to this same law, that "the section expressly authorizes a resident alien to take a conveyance of lands; and there seems to be no public policy which would justify the inference that the legislature intended to discriminate between a title by deed and by devise." Our conclusion therefore is that the judgment should be affirmed, with costs.